**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Altherr et al, ) | No. CV 13-08007-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Town of Jerome et al, ) | |
| ) | |
| Defendant. ) | |
| ) | |

I

The court has before it plaintiffs' Motion to Disqualify Counsel (doc. 10), defendants' Response (doc. 15) and plaintiffs' Reply (doc.18). Plaintiffs contend that counsel for defendants may not represent both the town and its employees because the employees were, they assert, "not acting in the scope of their authority or employment." Motion at 3. Defendants contend that the employees "were acting within the course and scope of their employment." Response at 3. Plaintiffs contend that the town has a defense it is not asserting, i.e., that the employees were acting outside the scope of their employment. But it is not plaintiffs' business to tell the town what defenses it should assert against plaintiffs' claim. The town has counsel who asserts that the town's interests and its employees interests are identical. This is not uncommon. Typically, principals and agents defend together. Moreover, at least as to the federal claims, the town is not liable under the doctrine of respondeat superior, so whether the employees were within or without the scope is not

1 relevant to the town's position. Plaintiffs cannot force the town to throw its employees under
2 the bus. Because there is no structural conflict as a matter of law, and because there has been
3 presented no evidence of an actual, specific conflict in this action, it is ORDERED
4 DENYING plaintiffs' Motion to Disqualify Counsel. (Doc. 10).

II

8 The court has before it the parties' Stipulation that we decide motions that were
9 pending in the superior court before removal on the papers filed in the superior court. (Doc.
10 17). This is consistent with LRCiv 3.6(c). We have before us the defendant Town's Motion
11 for Inspection (doc. 17, ex.1), the plaintiffs' Response and Cross Motion for Protective Order
12 (doc. 17, ex. 3), and defendant's Reply and Response (doc. 17, ex. 4). We also have before
13 us the defendant Town's Motion to Supplement (doc. 21) to which the time to respond has
14 not yet run.

15 The Town seeks an order allowing the Fire Chief to conduct his annual inspection of
16 the plaintiffs' hotel. Plaintiffs oppose the motion, asserting that it admits it has not done that
17 which the Town alleges it has not done and therefore no inspection is required. Plaintiffs go
18 farther and ask us to enjoin the Town from conducting any fire inspection until after this case
19 is concluded.

20 Plaintiffs' position is not reasonable. The existence of this action is not relevant to
21 the pre-existing authority of the Town to conduct annual fire inspections. Indeed, it would
22 be foolhardy to allow private litigation to jeopardize an inspection to be conducted in the
23 ordinary course of the Town's duty to inspect. The narrow issues in this action do not
24 narrow the defendant's otherwise applicable duties under the law. Accordingly, it is
25 ORDERED GRANTING the defendant's Motion for Inspection. (Doc. 17, ex. 1). The
26 defendant does not need authority from this court to conduct inspections that are otherwise
27 within the ordinary course of the Town's duties. It is further ORDERED DENYING
28 plaintiffs' Motion for Protective Order (doc. 17, ex.3) for the reasons we grant the

1  defendant's motion. It is further ORDERED DENYING defendant's Motion to Supplement
2  on grounds of mootness. (Doc. 21). We note that the letter to which reference was made in
3  the Motion to Supplement was already before the court as part of plaintiffs' Reply to the
4  Response to the Motion to Disqualify (doc.18, ex. 1).

5      We urge the parties to cooperate fulfilling their collective duties to the safety of the
6  public. The pendency of this action does not excuse any party from complying with its legal
7  obligations to protect the public. This action is likely to be decided on a discrete legal issue.
8  If that is the case, there is no need to wait until the dispositive motion deadline to get the
9  issue before the court.

10      DATED this 29th day of April, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge